Plaintiff sues on a contract not to be performed within one year, but alleged to be in writing. Defendant for amended answer alleges in bar a former judgment for the defendant in a former action between the same parties, upon the same contract, except that the petition in the former action alleged that the contract was verbal. Plaintiff for reply to the answer admits *209 the former judgment between the same parties on the same contract, but says that the petition in the former action alleged that the contract, which was one not to be performed within one year, was verbal, and alleges that a demurrer was filed to said former petition, which demurrer was general in form, but was sustained solely on the ground that the petition alleged that the contract was verbal, and that plaintiff, not desiring to plead further, judgment was entered for the defendant — "that he go hence without day and recover from the plaintiff his costs and without record.”
To this reply the defendant in this case demurs, raising the question of res jitdicata. Is the judgment in the former action, a bar to this action? Is the plea of res judicata good in this case?
American & English Encyclopedia of Law, 2d Edition, page 794:
"Judgment Must be on the Merits. It is also necessary in order to support a plea of res judicata that the former judgment should have been rendered upon the merits of the controversy.”
Heaton v. Heldredge, 56 O. S., 87, 98, 100, 101:
"The language of the statute under consideration (Section 4199 of the Revised Statutes — Statute of Frauds) that no action shall be brought on any agreement therein mentioned, unless it or some memorandum or note thereof is in writing and signed by the party to be charged, fairly imports that the agreement precedes the written memorandum and may exist as a complete and valid agreement, independent of the writing. And it seems clear that such a statutory regulation prescribing the mode or measure of proof necessary to maintain an action or defense, pertains to the remedy and constitutes a part of the procedure of the forum in administering the remedy.”
Black on Judgments, Volume 2, Section 693:
“The general rule is that a former judgment will not operate as a bar upon a subsequent suit upon the same cause of action unless the proceeding and judgment in the first case involved an investigation or afforded full legal opportunity for an investigation and determination of the merits of the suit.”
*210 Grotenkemper v. Carver, 4 Lea (Tennessee Reports), 375, 380, 382, syllabus:
“A decree upon a demurrer, if upon the merits, is as conclusive as though the facts set forth in the bill were admitted by the parties or established by evidence, and is conclusive of' everything necessarily determined thereby. But if the court merely decided that the complainant has not stated facts sufficient to constitute a cause of action, or that the bill is liable to specific objection, such decision does not extend to any issue not before the court on the hearing of the demurrer.”
On page 380:
“If, however, the court decides that the complainant has not stated facts sufficient to constitute a cause of action, or that the bill is otherwise liable to any specific objection urged against it upon demurrer, such decision does not extend to any issue not before the court on the hearing of the demurrer. It leaves the complainant at liberty to present his ease so corrected in form or substance as to be no longer vulnerable to attack made upon it in a former suit.”
Page 382:
“The dismissal of a bill for the specific performance of a contract for the sale of land alleged to be in parol, upon a demurrer relying on the statute of frauds, would be no bar to a bill on precisely the same contract alleged to be in writing.”
This last paragraph seems directly in point in this ease. The court say further on the same page:
“The effect of a dismissal of a bill on demurrer turns upon the issue made, and the apparent conflict in the decisions will in a great measure disappear when the cases are critically examined to ascertain the exact point decided.”
It is clear from the allegations of the reply, admitted by the demurrer thereto, that the former case was not heard upon its merits, but that the demurrer to the petition in that case was decided solely on the ground that the petition alleged that the contract sued upon was verbal.
The question raised, argued and decided upon the demurrer, in the language of our Supreme Court quoted above (56 0. S., *211 100-101), “pertains to the remedy and constitutes a part of the procedure of the forum in administering the remedy.”
I have considered whether the fact that the demurrer in the former action was general, and that the record does not show that the case was submitted and decided solely upon the question of the statute of frauds, would affect the case. In the case of Grotenkemper v. Carver, 4th Lea (Tennessee), above cited, page 318, the court say:
“If the demurrer is general, and the decree only a simple dismissal, the inclination of the courts has been, in some instances, to find that it might have gone off upon a question of jurisdiction or form, and not on the merits so as to bar a new suit.”
The court cite Lore v. Truman, 10 O. S., 45 and other cases.
The syllabus in Lore v. Truman:
“1. Where a judgment or decree is relied on by way of evidence as conclusive per se between the parties in a subsequent suit, it must appear by the record of the former suit that the particular controversy sought to be precluded was. therein necessarily tried and determined.
“2. Where, in an action at law, a former decree in chancery dismissing a bill generally is relied on as an estoppel per se as to matter set up in said bill, and it appears from the record that the said bill in chancery may as well have been dismissed for want of jurisdiction, such decree of general dismissal does not per se estop the plaintiff therein from proving in a suit at law the matter relied on in the bill as a ground of equitable relief.”
The court in the opinion quote, .page 54, from Phillips’ Evidence, 845, as follows:
“That where a judgment (or decree) is relied on by way of evidence as something conclusive per se between the parties, it must appear from the record of the prior suit that the particular controversy so sought to be precluded was there necessarily tried and determined. In other words, if in such case the former record clearly shows that the judgment to which this effect is ascribed could not have passed without deciding the particular matter, it will be considered as having settled that matter for all future actions; but otherwise not.” Rodgers v. Libbey, 35 Maine, 200; Evans v. Beck, 11 Georgia, 265.
Hollister & Hollister, for demurrer.
Fredk. F. Niederhelmm, contra.
See also Herman, on Estoppel and Res Adjudieata, Section 111, where the rule is clearly stated that if the judgment in the former action was general, but in fact only one of several vital matters was “directly in issue and determined,” any uncertainty may “be removed by extrinsic evidence, showing the precise point involved and determined.” It is said:
“So that when the grounds of the judgment appear by the record they must be proved by the record alone. Where the record fails to show the ground upon which the judgment therein was rendered, a resort must be had to the next best evidence.”
In the present case the exact and only point decided is alleged in the reply and admitted by the demurrer.
Conclusions:
1st. The judgment in the former action was not upon the merits.
2d. The fact that the judgment was upon a general demurrer will not make it a bar to this action, where it is alleged and admitted that the former decison was solely upon the ground that the contract sued upon in the former action was alleged to be verbal.
3d. The judgment on the demurrer in the former action is not a bar to the present action, an action on the same contract, between the same parties, but with the allegation in the petition that the contract was in writing.
The demurrer to the reply will be overruled.